**William BLAMEUSER, Plaintiff,**

v.

**Col. Donald ANDREWS, U. S. Army, Defendant.**

**No. 78–C–739.**

United States District Court, E. D. Wisconsin.

July 30, 1979.

William Blameuser, pro se.

Joan F. Kessler, U. S. Atty. by Lawrence O. Anderson, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The issue raised by the instant case is whether the government may constitutionally deny the plaintiff admission as a cadet in the Advanced Army Reserve Officer's Training Corps (ROTC) program at least in part because he is a self-proclaimed Nazi. For the reasons which follow, I believe it can. Therefore, the defendant's motion for summary judgment will be granted.

The plaintiff, William Blameuser, entered St. Norbert College in De Pere, Wisconsin, on September 2, 1976. During his first two academic years at the college he was enrolled in the Army basic ROTC course. On July 21, 1978, Mr. Blameuser's application for enrollment in the advanced ROTC program was denied. It is this action which the plaintiff challenges in the instant suit. In a letter to the plaintiff dated October 24, 1978, the defendant, Colonel Donald Andrews, who was in charge of the ROTC program at St. Norbert, stated the reasons for the denial of the plaintiff's application. Among the reasons given was the fact that the plaintiff was a self-proclaimed Nazi:

"These beliefs are inconsistent with policies of the Army, and it would be your duty to uphold and support these policies if you were to become an Army officer. It is highly improbable that you could successfully accomplish this task. Further, your extremely low composite scores on the Cadet Evaluation Battery required of all potential Advanced Course students indicate lack of both combat and technical-managerial leadership and of potential for career development.

"It is the stated purpose of the Army ROTC Program to train selected students who have the potential of becoming effective, Army officers. A combination of factors, therefore, has led to a determination that you lack that potential and have very little chance of becoming an effective officer."

Mr. Blameuser, proceeding pro se, filed the instant action on November 20, 1978, alleging that the defendant's action violated the plaintiff's First Amendment rights. The case is presently before me on the defendant's motion to dismiss for lack of a justiciable controversy or, in the alternative, for summary judgment.

## I. JUSTICIABILITY

The government's motion to dismiss for lack of a justiciable controversy is grounded on its contention that a decision on whether to allow an individual to participate in a military officer training program is a discretionary one, beyond the purview of judicial review. While the case law supports the conclusion that decisions made by the military regarding the composition of its personnel are entitled to judicial deference, I believe that it does not follow that such decisions are completely beyond the scope of judicial review.

It is well established that a federal court lacks jurisdiction to review the discretionary judgments of military officers acting within the scope of their authority. *See* e. g., *Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), *Anderson v. Laird*, 437 F.2d 912 (7th Cir.), cert. denied, 404 U.S. 865, 92 S.Ct. 68, 30 L.Ed.2d 109 (1971). However, this rule of judicial non-interference in military affairs is not absolute. The courts can review military orders which allegedly violate the Constitution, *O'Mara v. Zabrowski*, 447 F.2d 1085 (3rd Cir. 1971); acts of Congress, *Harmon v. Brucker*, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); or the military's own regulations, *Bluth v. Laird*, 435 F.2d 1065 (4th Cir. 1970).

In the case at bar, Mr. Blameuser alleges that the defendant's refusal to admit him into the advanced ROTC program

violated his First Amendment rights. Moreover, the government has admitted that the defendant's decision was, at least in part, based on the defendant's personal beliefs. Since the plaintiff has alleged the violation of an important constitutional right, I believe the instant controversy is justiciable despite the deference normally granted to military decisions regarding personnel.

## II.  MOTION FOR SUMMARY JUDGMENT

Having determined that the instant controversy is justiciable, I must now pass on the defendant's contention that he is entitled to judgment as a matter of law. In weighing the plaintiff's First Amendment claim, I am guided by the Supreme Court's decision in *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). In that case, the Court upheld the constitutionality of several articles of the Uniform Code of Military Justice which were being challenged on grounds of vagueness, stating:

"While the members of the military are not excluded from the protection granted by the First Amendment, the different character of the military community and of the military mission requires a different application of those protections. The fundamental necessity for obedience, and the consequent necessity for imposition of discipline, may render permissible within the military that which would be constitutionally impermissible outside it." Id. at 758, 94 S.Ct. at 2563.

In order to determine whether the plaintiff's rights have been violated in light of *Parker,* I must balance the plaintiff's interest in this case against that of the defendant.

In a non-military context, the Supreme Court has held that the conditioning of public employment on the basis of political affiliation places a restraint on freedoms of belief and association. *Elrod v. Burns,* 427 U.S. 347, 355, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). The plaintiff's interest in this case is his First Amendment right to freedom of belief and association. In so defining the plaintiff's interest, it is important to note that the plaintiff does not claim that the defendant has placed a direct prohibition on his right to hold or disseminate his beliefs. *See Collin v. Smith,* 578 F.2d 1197 (7th Cir.), cert. denied, 439 U.S. 916, 99 S.Ct. 291, 58 L.Ed.2d 264 (1978). Nor does he allege that he has a constitutional right to join the armed forces. *See Nesmith v. Fulton,* 443 F.Supp. 411 (M.D.Ga.1978) which asserts that one's interest in maintaining employment in the armed forces is insufficient to warrant judicial intervention in military decisions.

Next, I must consider the defendant's interest in this case. The defendant is responsible for enrolling the "best qualified" students into the advanced ROTC program at St. Norbert College. Those persons selected as officers in the military will necessarily be responsible for leading and following the orders of persons of various races and religions. Thus, among the qualifications which a candidate for military officer must demonstrate is the ability to lead and effectively gain the respect of persons from diverse backgrounds. Since the government's ability to recruit qualified military officers is crucial to the nation's defense, I find that the defendant's interest in this case, that of recruiting qualified officer candidates, is compelling.

I believe that the defendant's interest justified his consideration of the plaintiff's personal beliefs. Mr. Blameuser is a self-proclaimed Nazi who has publicly expressed his view that blacks are inferior to whites and that Jews should be expelled from American society. The defendant determined that, among other things, the plaintiff's views on racial relations made him an unlikely candidate to be a successful officer in the United States Army.

While the First Amendment protects the plaintiff's right to hold and disseminate his political beliefs, I do not believe that it precludes the military from considering those beliefs when it performs the essential function of choosing officers. Accordingly, the defendant's motion for summary judgment will be granted.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.