Michael L. ST. CLAIR, Plaintiff,

v.

**SECRETARY OF THE NAVY, Defendant.**

No. 96–4087.

United States District Court, C.D. Illinois.

June 30, 1997.

B. Douglas Stephens, Jr., Wessels, Stojan & Stephens, PC, Rock Island, IL, for Plaintiff.

Gerard A. Brost, U.S. Atty., Peoria, IL, for Defendant.

## ORDER

MIHM, Chief Judge.

This matter is before the Court on Defendant's Motion to Dismiss [# 6–1] or, In the Alternative, Motion for Summary Judgment [# 6–2]. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

### Background

Plaintiff, Michael St. Clair ("St.Clair"), enlisted in the United States Navy on August 15, 1988. (R117). After completing basic training, he attended Machinist Mate ("MM") "A" school in Orlando, Florida and graduated in February 1989. (R120). St. Clair was assigned to Naval Nuclear Power School after graduation and received training in Nu-

clear Power Plant Operation as an Engineering Lab Technician, which concluded on July 13, 1990. *Id.* St. Clair was then assigned to the U.S.S. Archerfish (SSN 678), a submarine located at the Submarine Base in New London, Connecticut. (Complaint). On November 2, 1990, he reenlisted in the U.S. Navy and was promoted to Machinist Mate Second Class. (R116).

On September 15, 1991, St. Clair was arrested by civilian authorities in Mystic, Connecticut, for driving under the influence of alcohol. (R11). This charge was dismissed after St. Clair completed an alcohol education course. (R3). On October 29, 1991, he was stopped by the New London Submarine Base police and charged with drunken driving on the base. (R13). The base police released St. Clair to a representative of the U.S.S. Archerfish. (R48). On the way back to the submarine, St. Clair punched the windshield of the Navy truck, causing the windshield to crack. *Id.*

After each incident, St. Clair was evaluated by a Counseling and Assistance Center counselor ("CAAC"). (R11, 13). The counselor found that St. Clair was not psychologically dependent on alcohol and recommended he be held accountable for his actions and receive CAAC Level II treatment. *Id.* On November, 8, 1991, St. Clair received nonjudicial punishment for the offenses of wrongful destruction of military property and drunk or reckless driving in violation of Articles 108 and 111 of the Uniform Code of Military Justice ("UCMJ") and it was recommended that St. Clair be administratively processed for separation. (R20). He was restricted to the U.S.S. Archerfish for 30 days, given extra duties for 30 days, and had his pay grade reduced. (R24).

On February 27, 1992, Submarine Development Squadron TWELVE notified St. Clair that he was being administratively processed for separation pursuant to MILITARY PERSONNEL MANUAL 3630600.(R5). St. Clair then met with legal counsel and requested a hearing before the Administrative Discharge Board ("ADB"). (R7).

On April 7, 1992, the ADB held a hearing, at which St. Clair was represented by Lt.

Travis N. Gery, Judge Advocate General Corps, United States Naval Reserve. (R32–58). After hearing all the evidence, the ADB determined that St. Clair had committed misconduct due to the commission of a serious offense and unanimously recommended St. Clair's separation be characterized as "General, Under Honorable Conditions." (R32). This recommendation was forwarded to the Commanding Officer, Submarine Development Squadron TWELVE. *Id.*

On May 27, 1992, the Commanding Officer, Submarine Development Squadron TWELVE, endorsed the ADB's recommendation and forwarded it to the Chief of Naval Personnel, Enlisted Separation Branch. (R3). On June 19, 1992, the Chief of Naval Personnel, Enlisted Separation Branch, directed Submarine Development Squadron TWELVE to discharge St. Clair with a "General, Under Honorable Conditions" discharge. (R1). On July 6, 1992, St. Clair was discharged from the Navy. (R93).

St. Clair applied to the Naval Discharge Review Board ("NDRB") for recharacterization of his discharge to "Honorable" on July 18, 1994. (Complaint at 4). The NDRB reviewed the evidence and determined no upgrade was warranted. (R96). The NDRB cited St. Clair's two incidents of driving under the influence of alcohol and destruction of the government truck's windshield, noting that these actions were not minor offenses. (R100). Following the NDRB's decision, St. Clair brought the current lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), alleging that the NDRB's actions were arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, and contrary to his constitutional and statutory rights. (Complaint at 4). Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on March 21, 1997.

### Discussion

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat. Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.), *cert. denied,* 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 432 (7th Cir. 1993).

The Defendant argues that this action should be dismissed because St. Clair failed to exhaust his administrative remedies. (Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion to Dismiss") at 2). In support of his position, Defendant cites *Duffy v. United States,* 966 F.2d 307 (7th Cir. 1992), and points out that St. Clair is entitled to challenge the NDRB's decision before the Board for Correction of Naval Records ("BCNR"). (Motion to Dismiss at 3).

In *Duffy,* an Air Force reservist brought an action under the Federal Tort Claims Act against superior officers and the United States challenging his discharge and seeking to recover for his allegedly unlawful call into active duty, arrest, transfer, and detention. 966 F.2d at 308–09. The district court dismissed the claim because Duffy had failed to exhaust administrative remedies (file a claim with the Air Force Board for Correction of Military Records), and the Court of Appeals affirmed. *Id.* at 310–11.

 In light of the Supreme Court's ruling in *Darby v. Cisneros,* 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), the Court finds *Duffy* inapposite and concludes that St. Clair has sufficiently exhausted his administrative remedies in this case. While the:

> [E]xhaustion doctrine continues to apply as a matter of judicial discretion in cases not governed by the APA[,] ... where the APA applies, an appeal to "superior agency authority" is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.

*Darby*, 509 U.S. at 152–54, 113 S.Ct. at 2548 (emphasis in original).

Here, Defendant has offered, at best, the Declaration of Alan Goldsmith, who states that "an applicant has the right to petition the BCNR to review a discharge after the NDRB has reviewed the case." (Declaration of Alan Goldsmith at 2). This is not the kind of express requirement described in *Darby*. Furthermore, neither the applicable statute, 10 U.S.C. § 1552, nor regulations, 32 C.F.R. Part 723–24, expressly require appeal to the BCNR before judicial review. If the Navy wishes to require an appeal to the BCNR before judicial review under these circumstances, it should include an express requirement in its regulations or ask Congress to include such an express requirement in the statute.

■ Alternatively, Defendant contends that the Court should dismiss St. Clair's claims because they require the Court to intrude into an area committed to military discretion. (Motion to Dismiss at 4). The Court finds this argument unpersuasive. While recognizing that intraservice military disputes are entitled to judicial deference, this deference affects only the merits of St. Clair's constitutional claim, not whether the Court should review the claim at all. *See Knutson v. Wisconsin Air Nat. Guard*, 995 F.2d 765, 769 (7th Cir.1993) ("Deference to the military only affected the Supreme Court's judgment as to the merits of [the] constitutional claim, not the question of whether it should have reviewed the claim at all."). In fact, "[t]he courts can review military orders which allegedly violate the Constitution, acts of Congress, or the military's own regulations." *Blameuser v. Andrews*, 473 F.Supp. 767, 768 (E.D.Wis.1979), *aff'd*, 630 F.2d 538 (7th Cir.1980) (internal citations omitted). St. Clair alleges violations of the UCMJ, 10 U.S.C. § 831, the Fifth Amendment, and the APA. All of these claims fall within the scope of judicial review.

In support of his contention that St. Clair's challenge is nonjusticiable, the defendant cites *Knutson v. Wisconsin Air National Guard*, 995 F.2d 765 (7th Cir.1993). However, the decision in *Knutson* dealt with the scope of injunctive relief available in civilian courts and was not a per se rule exempting military decisions from judicial review. *Id.* at 770–771. Additionally, the plaintiff in *Knutson* sought reinstatement, while St. Clair seeks to upgrade his administrative discharge. While reinstating a discharged serviceman may interfere in a province committed to the military's discretion, the Court finds that upgrading a serviceman's discharge is a "matter of administrative inconvenience" and is not sufficient to preclude review. *Id.* at 771.

■ Several cases, none directly binding on the Court (and none of which were cited by either side in relation to this Motion), have dealt with this question and come to different conclusions. *See Perez v. U.S.*, 850 F.Supp. 1354, (N.D.Ill.1994) (refusing to grant military exception to *Darby*); *Saad v. Dalton*, 846 F.Supp. 889 (S.D. Cal. 1994) (granting military exception to *Darby*); *Ostrow v. Secretary of Air Force*, 48 F.3d 562, 1995 WL 66752 (D.C.Cir.1995) (refusing to grant military exception to *Darby*). After considering these cases, the Court finds the reasoning in *Perez* to be the most persuasive. The Supreme Court's decision in *Darby* relies on the plain meaning of the statutory text, speaks in general terms of all agencies, and does not distinguish between the military and other agencies. Similarly, the text of the APA does not differentiate between military agencies and other agencies. For these reasons, the Court is hesitant to read such a distinction into the APA. Thus, although mindful of the special nature of the armed services, the Court refrains from granting a military exception to the rule set forth in *Darby*.

### Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss [# 6–1] is DENIED. In the alternative, Defendant asks the Court to grant summary judgment on his behalf. The Court will conduct a status hearing on the Motion for Summary Judgment [# 6–2] in the near future.