F I L E D
United States Court of Appeals
Tenth Circuit

MAY 1 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GARLAND ROBERTSON,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 97-5183
(D.C. No. 96-CV-888-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Garland Robertson appeals from an order of the district court determining that defendant Air Force did not violate his First Amendment rights. As in the district court, plaintiff argues on appeal that his involuntary retirement from active duty as an Air Force chaplain should be set aside because his retirement was based upon performance evaluations which served as religious censorship in violation of his First Amendment rights and also served to establish a military religion in violation of the First Amendment.[1]  Additionally, plaintiff argues that his action was not barred from adjudication under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, pursuant to Feres v. United States, 340 U.S. 135, 146 (1950).  We affirm.

The district court thoroughly and accurately set forth most of the facts in its order.  See R., vol. 1, tab 13 at 2-16.  We provide only a brief summary here.  On January 5, 1991, prior to Operation Desert Storm, plaintiff wrote a letter to the local newspaper editor indicating moral and ethical objections to initiating a war against Iraq.  Plaintiff signed his name and indicated that he was a chaplain at Dyess Air Force Base.  His commander reprimanded him for writing the letter setting forth his military title and base assignment.  The commander stated that

---

[1]     Plaintiff does not continue to argue on appeal that the Air Force did not comply with prescribed administrative procedures in his retirement process.  See Appellant's Br. at 41.

plaintiff had violated Air Force regulations precluding such political activity. Based on the reprimand, the senior chaplain refused to allow plaintiff to preach as scheduled the following Sunday and removed him from the preaching schedule until further notice.

Thereafter, plaintiff's orders to staff a hospital to care for soldiers wounded in Operation Desert Storm were canceled. Although he was twice selected for reassignment to another Air Force base, both bases refused him positions.

In May 1991, plaintiff was returned to the preaching rotation. Following a sermon in which he informed the congregation of the actions taken against him by Air Force officials, he received a letter of counseling. In December 1991, after a Thanksgiving service, plaintiff was permanently removed from the preaching schedule for improperly focusing his sermon on Native American spirituality, rather than on traditional Christian beliefs.

Plaintiff received substandard performance reviews rating him as not meeting standards for leadership skills from April 1991 to April 1993. Plaintiff took issue with the reviews. Pursuant to orders, he underwent three psychological examinations during that time period. The second and third examinations indicated that he suffered from a personality disorder, not otherwise specified, with narcissistic, obsessive-compulsive, and passive-aggressive traits.

In March 1993, plaintiff was requested to retire voluntarily, or face administrative action to remove him for substandard performance. On June 1, 1993, plaintiff requested voluntary retirement effective June 1, 1994. On June 15, 1993, he was notified that a discharge proceeding had been initiated against him. The Board of Inquiry found that plaintiff should be removed from active duty and given an honorable discharge. On December 1, 1994, plaintiff retired.

On December 16, 1994, he filed an application for correction of his military records with the Air Force Board for the Correction of Military Records (AFBCMR). He requested that his poor performance ratings be removed from his personnel record. He also requested that the order of involuntary retirement be rescinded.

In November 1995, plaintiff filed an action in district court asserting claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, and the FTCA. The district court dismissed the FTCA claims for lack of subject matter jurisdiction and dismissed the APA claims for failure to state a claim, based on the doctrine of nonjusticiability. Plaintiff did not appeal.

Subsequently, the AFBCMR denied his request to delete his substandard performance reports from his record and to rescind his involuntary retirement.

Plaintiff then filed this second federal court action under the APA. He alleged the Air Force had violated his First Amendment rights and had established a military religion. The district court denied relief, and this appeal followed.

As a preliminary matter, we first consider the district court's determination of justiciability. As the district court stated, in Lindenau v. Alexander, 663 F.2d 68 (10th Cir. 1981), this court adopted the two-step justiciability test set forth in Mindes v Seaman, 453 F.2d 197, 201-02 (5th Cir. 1971). The first step requires that "a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." Id. at 201. Recognizing that not all such allegations are reviewable, Mindes requires at the second step a weighing of the following factors: (1) "[t]he nature and strength of the plaintiff's challenge to the military determination[;]" (2) "[t]he potential injury to the plaintiff if review is refused[;]" (3) "[t]he type and degree of anticipated interference with the military function[;]" and (4) "[t]he extent to which the exercise of military expertise or discretion is involved." Id.

The district court questioned the viability of the Mindes test in light of the Supreme Court's holding in Darby v. Cisneros, 509 U.S. 137, 138, 153, 154 (1993), that plaintiffs are not required to exhaust administrative remedies before

seeking review under the APA where no statute or agency rule requires exhaustion before judicial review. Exhaustion, however, is not an issue in this case, as it is undisputed that plaintiff has exhausted military remedies.

Regardless of exhaustion, the district court declined to apply any part of Mindes and proceeded to review the merits of the case. In doing so, the district court noted there was no Supreme Court precedent for excepting the military from all judicial review under the APA, the APA expressly includes claims of constitutional violations within its scope of review, Supreme Court authority permits deferential judicial review of constitutional challenges to military actions, and such a case would not be precluded from review under traditional political question doctrine.

We conclude the district court erred in refusing to apply the Mindes test. At no time has this court overruled Lindenau or rejected application of the Mindes test. See Clark v. Widnall, 51 F.3d 917, 921 (10th Cir. 1995) (recognizing Lindenau's adoption of four-part second-step test of Mindes); Costner v. Oklahoma Army Nat'l Guard, 833 F.2d 905, 907 (10th Cir. 1987) (recognizing adoption of Mindes); Rich v. Secretary of the Army, 735 F.2d 1220, 1225 n.3 (10th Cir. 1984) (same). Accordingly, the Mindes test still applies to "insure[] that judicial intrusions into military matters are limited to the

vindication of federal interests." See Watkins v. United States Army, 875 F.2d 699, 736 (9th Cir. 1989) (Hall, J., dissenting).

In this case, plaintiff alleged a violation of his First Amendment rights and exhausted any administrative remedies.[2] Thus, he met the first step of the Mindes test. In weighing the four factors in the second step, we conclude as a matter of law that plaintiff's claims are of the type which are reviewable on their merits.[3] See Rich, 735 F.2d at 1225 n.3, 1228-29 (concluding case was justiciable where First Amendment claim, among other claims, was raised); see also Goldman v. Weinberger, 475 U.S. 503 (1986) (reviewing First Amendment challenge to Air Force dress code regulation); Brown v. Glines, 444 U.S. 348 (1980) (reviewing First Amendment challenge to Air Force regulation regarding circulating petitions); Ogden v. United States, 758 F.2d 1168, 1179 n.7 (7th Cir. 1985) (recognizing that application of Mindes test to circumstances of Goldman clearly indicates judicial review was appropriate in that case; determining that because

---

[2] We need not reach the question of the viability of the exhaustion component of the first step of the Mindes test in light of Darby because there is no issue of failure to exhaust in this case. We do note, as did the district court, that other courts have no longer required exhaustion in military cases due to the holding in Darby. See, e.g., Dowds v. Clinton, 18 F.3d 953, 1994 WL 85040, at **1 (D.C. Cir. 1994) (table); St. Clair v. Secretary of the Navy, 970 F. Supp. 645, 647-48 (C.D. Ill. 1997); Perez v. United States, 850 F. Supp. 1354, 1359-61 (N.D. Ill. 1994).

[3] The Air Force does not argue that this case is not justiciable. We conclude it has waived the issue and has conceded justiciability.

First Amendment rights were raised, review was proper under Mindes analysis);

St. Clair v. Secretary of the Navy, 970 F. Supp. 645, 648 (C.D. Ill. 1997) (holding

First Amendment claims fall within scope of judicial review). But see Khalsa v.

Weinberger, 779 F.2d 1393, 1398-1400 (9th Cir.) (rejecting First Amendment

challenge to Army appearance regulation under Mindes second step), aff'd,

787 F.2d 1288 (9th Cir. 1985) (affirming prior decision and noting Goldman was

decided in circuit rejecting Mindes).

On appeal, plaintiff argues the Air Force improperly put his duty as an

officer ahead of his duty to the church. Plaintiff contends that his removal from

the pulpit after writing the letter to the newspaper editor was the event from

which all else emanates. Although plaintiff recognizes that the Air Force may

discipline him for engaging in unauthorized political activity, he maintains that

removal from the pulpit enters a "religious dimension," violating his First

Amendment rights. Appellant's Br. at 26-27. Furthermore, he argues that by

removing him from the pulpit after he wrote the letter, the Air Force determined

the content of sermons, avoided presentation of sensitive issues, determined the

religious needs of the Air Force congregation were different from those of other

congregations, and promoted a philosophy to enhance the national spirit prevalent

at the time. Likewise, when he was removed from the preaching schedule after

the Thanksgiving Service, he believes the Air Force abused its authority and

improperly disciplined him for an allegedly inappropriate focus. Because he continued to be endorsed for preaching by his denomination, he believes that his ministry was not inappropriate. Accordingly, plaintiff argues that the Air Force improperly determines religious content in violation of the First Amendment.

The district court rejected these arguments. Initially, the court recognized the need for deference when considering constitutional challenges to military decisions. The court further recognized that although plaintiff sincerely believed that the war he opposed would be morally unjust, this sincerity did not require accommodation by the Air Force, which viewed any moral objection as political under its rules. The district court found no constitutional violation pertaining to the Air Force's actions in censuring plaintiff's criticism of the Persian Gulf War in his capacity as an Air Force officer; rather, the court found that the Air Force was enforcing neutral, legitimate and significant interests which defeat challenge under the First Amendment.

Additionally, plaintiff's status as an Air Force chaplain did not alter the district court's finding. Noting that a chaplain is a member of both military and religious denomination institutions, the court recognized serious implication of the Establishment Clause principles of excessive entanglement and lack of neutrality in the military administration of chaplaincy programs. Nonetheless, the district court determined the Air Force had neutral reasons for its actions. Thus,

as to plaintiff's constitutionally based request under the APA to set aside the decision denying him reinstatement and expungement of his performance reviews, the district court concluded "that the conflict between the Air Force and [plaintiff] as an Air Force chaplain does not establish a constitutional violation of the religion clauses." R., vol. I, tab 13 at 39.

We have examined the record and relevant case law. After doing so, we conclude the district court thoroughly considered and correctly rejected plaintiff's First Amendment arguments on their merits in its order filed August 28, 1997. Seeing no reversible error, accordingly, we affirm for substantially the reasons stated by the district court.

Plaintiff's argument that he is not barred from bringing suit under the FTCA is not properly before us as plaintiff did not raise any FTCA claims in the district court. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (holding court of appeals generally does not consider issues not first raised in district court). Plaintiff brought the underlying action under only the APA, not the FTCA, and sought judicial review only of the refusal to remove unfavorable reviews from his military record and the denial of reinstatement.

AFFIRMED.  Plaintiff's request for oral argument is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge