Jestine ROPER, Plaintiff–Appellant,

v.

DEPARTMENT OF the ARMY,
Defendant–Appellee.

No. 20, Docket 87–6057.

United States Court of Appeals,
Second Circuit.

Argued Sept. 8, 1987.

Decided Nov. 2, 1987.

Jestine G. Roper, Brooklyn, N.Y., pro se, for plaintiff-appellant.

Robin L. Greenwald, Asst. U.S. Atty. for the E.D. of N.Y. (Andrew J. Maloney, U.S. Atty. for the E.D. of N.Y., Robert L. Begleiter, Asst. U.S. Atty., of counsel), for defendant-appellee.

Before PRATT and MAHONEY, Circuit Judges, and BRIGHT, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

BRIGHT, Senior Circuit Judge:

Staff Sergeant Jestine Roper, a uniformed member of the United States Army Reserve, appeals from the district court's dismissal of her complaint alleging race and sex discrimination by the Department of the Army in violation of Title VII, 42 U.S.C. § 2000e-16 (1982). The district court[1] granted the Army's motion to dismiss on the ground that Title VII does not apply to uniformed members of the armed forces. We affirm.

## I. BACKGROUND

Ms. Roper initially entered the Army Reserve in 1979 as a Private First Class and was promoted to the rank of Sergeant in 1981. In 1983, the position of warrant officer in the 99th Signal Battalion became vacant and Ms. Roper expressed interest in the office. In October of 1983, Ms. Roper appeared before the warrant officer board in regard to her application to fill the warrant officer vacancy. Ms. Roper was denied the promotion. Two months later, two warrant officers informed her that the board rejected her application because her personality was perceived as "too soft." Ms. Roper was subsequently transferred to another company within her battalion, and was promoted to the next enlisted rank in 1986, five years after her last promotion.

Ms. Roper brought suit *pro se* on June 20, 1986, alleging that she was denied promotion in the armed forces due to her race and sex. The Army moved to dismiss the complaint on the ground that Title VII does not apply to uniformed military personnel. The district court granted the motion. This appeal followed.

## II. DISCUSSION

The sole issue presented in this case is whether Title VII applies to uniformed

---

1. The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York.

members of the armed forces. While we are sympathetic to Ms. Roper's complaint, the cases in other circuits do not support her position. Both the Eighth and Ninth Circuits have unequivocally held Title VII inapplicable to uniformed members of the military. *See Gonzalez v. Department of the Army*, 718 F.2d 926 (9th Cir.1983); *Johnson v. Alexander*, 572 F.2d 1219 (8th Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978); *accord Taylor v. Jones*, 653 F.2d 1193 (8th Cir.1981).

Title VII was designed to protect from discrimination "employees or applicants for employment * * * in military departments * * *." 42 U.S.C. § 2000e–16(a). A comparison of the language Congress uses when referring to civilian employees of the various military departments, as opposed to uniformed military personnel,[2] indicates that Congress intended the term "military department" to include only civilian employees, and not enlisted personnel. *Gonzalez*, 718 F.2d at 928. Further, nothing in the legislative history indicates that Congress sought to vest the Equal Employment Opportunity Commission (EEOC), responsible for Title VII enforcement, with the power to review the hiring and employment practices of the Armed Forces.

In *Hill v. Berkman*, 635 F.Supp. 1228 (E.D.N.Y.1986), cited in Ms. Roper's brief, Chief Judge Weinstein presents cogent arguments in favor of applying Title VII to uniformed military personnel. Judge Weinstein observes that the legislative history of 42 U.S.C. § 2000e–16 is hardly pellucid as to whether Title VII applies to the uniformed military and does not compel exclusion of uniformed personnel from the Act's coverage. Moreover, he notes that since the withdrawal from Vietnam, the military increasingly resembles a civilian employer in its relationship with uniformed military personnel, offering health care, housing, training courses, and the opportunity to study at civilian universities.

While these arguments carry weight, we cannot agree to the extension of Title VII to uniformed members of the armed forces. Military service continues to differ materially from civilian employment in that officers and personnel are subject to military law and unable to terminate such employment at will. *See Johnson*, 572 F.2d at 1223. The relationship between the government and a uniformed member of the military remains unlike the relationship which exists between civilian employer and employee. In the absence of some express indication in the legislative history that Congress intended Title VII to apply to uniformed members of the armed forces, we refuse to extend a judicial remedy for alleged discrimination in civilian employment to the dissimilar employment context of the military, especially given the need for deference to the military in matters involving hierarchy and structure of command. *See Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (deference to hierarchical military structure precludes claim of race discrimination in work assignments where congress has provided no such cause of action).

Accordingly, we affirm the district court judgment.

---

**2.** 5 U.S.C. § 102, referring to section 101(7) of title 10, defines military departments as "The Department(s) of the Army * * * Navy [and] * * * the Air Force." Section 101 of title 10 contains a separate definition for "armed forces" meaning "the Army, Navy, Air Force, Marine Corps, and Coast Guard."