Gerald A. COLLINS, Plaintiff,

v.

SECRETARY OF the NAVY,
et al., Defendants.

Civ. A. No. 92–0934–LFO.

United States District Court,
District of Columbia.

Feb. 8, 1993.

Erroll D. Brown, Landover, MD, for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty., Washington, DC (Lt. Kirk A. Foster, JAGC, U.S. Naval Reserve, Dept. of the Navy, Alexandria, VA, of counsel), for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

This matter is before the Court on defendants' motion to dismiss and plaintiffs' first and second motions to amend the complaint. Plaintiff is a former lieutenant in the United States Navy. Defendants are the Secretary of the Navy, two Naval officers, and the United States Attorney for the District of Columbia. The complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* In Count I, plaintiff alleges that he received marginal grades on four Reports of Officer Fitness ("FITREPS") and failed to be promoted to lieutenant commander because of racial discrimination. In Count II, plaintiff alleges instances racial harassment while on active duty.

According to the complaint, plaintiff was stationed at Navy Recruiting Area Five, at Great Lakes, Illinois, between March 1980

and February 1984. During this period he allegedly received two marginal FITREPS from his commanding officer, Captain B.A. MacDonald. The complaint also alleges that MacDonald "berated the plaintiff for what the captain termed fraud, waste, and abuse of government funds when there was no evidence to raise the issue" and "questioned" the plaintiff while not doing so to similarly situated white males. An officer who worked for MacDonald also allegedly "stated that he did not understand how anyone could be a friend to a black." In February of 1984, plaintiff began serving at the Pentagon in Arlington, Virginia. While assigned there, he allegedly received two marginal FITREPS from Rear Admiral Jack Garrow. In November of 1986 plaintiff was discharged from the Naval Service for his failure to be selected for promotion to the grade of lieutenant commander. Plaintiff alleges that his nonpromotion was a result of discrimination.

In September 1987, plaintiff petitioned the Board for Correction of Naval Records (BCNR) for removal of the nonpromotion and for reinstatement to active duty. On April 16, 1992, plaintiff filed the instant action under Title VII. The complaint demands $126,000 in compensatory damages, backpay, front pay, and any injunctive relief deemed appropriate.

### I.

■ Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant Fed.R.Civ.P. 12(b)(1). Every Court of Appeals that has addressed the issue has held that Title VII is inapplicable to uniformed members of the military. *Doe v. Garrett,* 903 F.2d 1455, 1461 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991); *Stinson v. Hornsby,* 821 F.2d 1537, 1541 (11th Cir.1987), *cert. denied,* 488 U.S. 959, 109 S.Ct. 402, 102 L.Ed.2d 390 (1988); *Roper v. Department of Army,* 832 F.2d 247, 248 (2d Cir.1987); *Gonzalez v. Department of Army,* 718 F.2d 926, 927–29 (9th Cir.1983); *Johnson v. Alexander,* 572 F.2d 1219, 1223–24 (8th Cir.), *cert. denied,* 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978); *Taylor v. Jones,* 653 F.2d 1193, 1200 (8th Cir.1981).

Although the issue has not been squarely addressed in this Circuit, the Court of Appeals has quoted extensively from *Johnson* and *Gonzalez,* and has distinguished the " 'military exception' to Title VII" in permitting a suit brought under the Rehabilitation Act against an officer of the United States Public Health Service. *Milbert v. Koop,* 830 F.2d 354, 357–59 (D.C.Cir.1987).

Plaintiff, relying on the single case of *Hill v. Berkman,* 635 F.Supp. 1228 (E.D.N.Y. 1986), argues that Title VII should be applied to uniformed members of the military. *Hill* involved a challenge to the Army's decision to classify a position—nuclear biological and chemical specialist—as a "combat support role" and therefore closed to women. The District Court held that certain "central, national policy decision[s]" of the military were subject to challenge under Title VII. *Id.* at 1241. However, the Court was careful to limit its holding, expressly noting that Title VII's purview would not extend to "day-to-day decisions crucial to disciplinary relationships" and "isolated individual allegations of discrimination." *Id.* The instant case is precisely the type of case excluded by the District Court in *Hill.*

Even if *Hill* were not distinguishable, plaintiff's argument would have to be rejected. The numerous decisions of the Courts of Appeals provide overwhelming authority for the proposition that Title VII does not apply to uniformed members of the military. In fact, the *Hill* decision now appears to have been discredited by the Second Circuit. *Roper v. Department of Army,* 832 F.2d 247, 248 (2d Cir.1987) ("While these arguments [in *Hill* ] carry weight, we cannot agree to the extension of Title VII to uniformed members of the armed forces."). As Judge Henley wrote for the Eighth Circuit:

[A]t the heart of plaintiff's claim is the premise that the relationship between the government and a uniformed member of the Army, Navy, Marine Corps, Air Force or Coast Guard is that of employer-employee, and that an applicant for enlistment in one of those armed services is an applicant for "employment" and should have his application judged by Title VII standards. We cannot accept that premise

and accordingly cannot accept counsels' conclusions based thereon.

While military service possesses some of the characteristics of ordinary civilian employment, it differs materially from such employment in a number of respects that immediately spring to mind, and the peculiar status of uniformed personnel of our armed forces has frequently been recognized by the courts.

*Johnson,* 572 F.2d at 1223–24, *quoted in Milbert,* 830 F.2d at 358.

Accordingly, plaintiff's complaint brought under Title VII will be dismissed for lack of subject matter jurisdiction.[1]

## II.

■ In response to defendants' motion to dismiss, plaintiff has moved to file a first and a second amended complaint. Plaintiff seeks to add a Count III, alleging a claim directly under the Fifth and Fourteenth Amendments to the Constitution and demanding "compensatory damages in an unspecified amount." Because the proposed claim is legally insufficient on its face, leave to amend will be denied. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *In re Ampicillin Litigation,* 82 F.R.D. 647, 650 (D.D.C.1979); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1487 at 637 (1990).

■ Although it is not entirely clear, plaintiff's proposed Count III appears to be against defendants in their official capacities. It challenges, for example, "the manner in which the Navy implemented its regulations as relates to [plaintiff's] discrimination complaint" and "the defendants' policies and practices" as violative of the due process and equal protection guarantees of the Constitution. Construed as a claim against defendants in their official capacities, Count III is in reality a claim against the United States, because any favorable judgment "would expend itself on the public treasury." *Dugan v. Rank,* 372 U.S. 609, 620–21, 83 S.Ct. 999, 1006–07, 10 L.Ed.2d 15 (1963); *Land v. Dol-*

lar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947). In a suit against the United States, "there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). No waiver of sovereign immunity, however, permits a plaintiff to assert a damages claim against the United States for a constitutional tort. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 410, 91 S.Ct. 1999, 2012, 29 L.Ed.2d 619 (1971) (Harlan, J., concurring); *Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986); *Laswell v. Brown,* 683 F.2d 261, 268 (8th Cir.1982), *cert. denied,* 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *Norton v. United States,* 581 F.2d 390, 393 (4th Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 678 (1978). Plaintiff therefore may not assert the proposed claim for damages in Count III against defendants in their official capacities.

■ On the other hand, plaintiff's second amended complaint may be attempting to assert a *Bivens*-type claim for damages against defendants in their *individual* capacities. However, under *Chappell v. Wallace,* 462 U.S. 296, 298, 103 S.Ct. 2362, 2364–65, 76 L.Ed.2d 586 (1983), uniformed members of the military may not bring constitutional tort claims against their superior officers. *See also Bois v. Marsh,* 801 F.2d 462, 469 (D.C.Cir.1986). In *Chappell,* five enlisted men in the Navy attempted to maintain a suit against their superior officers on a claim nearly identical to that asserted by plaintiff. The plaintiffs alleged that the officers had discriminated against them on account of their race in violation of the Constitution by, among other things, threatening them and giving them low performance evaluations. *Chappell,* 462 U.S. at 297, 103 S.Ct. at 2364. The Supreme Court unanimously rejected the plaintiffs' claim, concluding that "the unique disciplinary structure of the Military Establishment and Congress' activity in the

---

1. Plaintiff's Title VII claims must be dismissed as against defendants Garrow, MacDonald, and Stephens for the independent reason that the "head

of the department, agency, or unit" is the proper defendant in a Title VII action. 42 U.S.C. § 2000e–16(c).

field constitute 'special factors' which dictate that it would be inappropriate" to provide a *Bivens*-type remedy for the enlisted men against their superior officers. *Id.* at 304, 103 S.Ct. at 2368. The Court's decision in *Chappell* dictates the same result in this case. Thus, plaintiff's proposed amended complaint fails to set forth a basis for relief.

\*　　\*　　\*　　\*　　\*　　\*

For the foregoing reasons, an accompanying Order denies plaintiff's motions to amend the complaint and grants defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).