Anthony Mark JANNIERE, Plaintiff,

v.

The UNITED STATES ARMY, The United States of America, Togo D. West, Jr., Colonel Ricky Kolb, Major John Driscoll and Captain Albert Maxwell, Defendants.

No. 97 CV 7625(NG).

United States District Court, E.D. New York.

Jan. 26, 1999.

Dewette C. Aughtry & Associates, Dewette C. Aughtry, of counsel, Brooklyn, NY, for plaintiff.

Zachary W. Carter, United States Attorney, Eastern District of New York, Michelle Perez, Assistant United States Attorney, of counsel, Brooklyn, NY, for defendants.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiff Anthony Mark Janniere, a former cadet candidate at the United States Military Academy Preparatory School ("USMAPS") in Fort Monmouth, New Jersey, alleges that defendants, the United States Army, the United States of America, Togo D. West, Jr., Colonel Ricky Kolb, Major John Driscoll and Captain Albert Maxwell, discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. Plaintiff also brings claims under the Fourth, Sixth, and Fourteenth Amendments and 10 U.S.C. § 831, alleging that his dismissal from USMAPS violated his civil rights and deprived him of due process. Plaintiff seeks: (1) immediate reinstatement to USMAPS; (2) a public apology and redaction of plaintiff's personnel file; (3) twenty-five million dollars; (4) attorney's fees and (5) punitive damages. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Federal Rule of Civil Procedure 12(b)(6) provides that "if, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Both sides have presented material outside the complaint to this court and have agreed to treat this motion as one for summary judgment. I agree to consider the additional material and therefore convert defendants' motion to dismiss into one for summary judgment.

Pursuant to Rule 56(c), summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It is the movant's burden to demonstrate the absence of any genuine issue of material fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), which are facts whose resolution would "affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Demonstration of the absence of a material fact is defeated by the non-movant's presentation of evidence sufficient to establish "that a reasonable [fact-finder] could return a verdict for the non-moving party." *Id.* In making a determination as to whether a genuine dispute as to a material fact exists, "all justifiable inferences" from the factual record before the court are to be drawn in favor of the non-movant. *Id.* at 255, 106 S.Ct. 2505.

It is undisputed that plaintiff is a 21-year-old African-American male who enlisted in the United States Army and entered USMAPS as a cadet candidate on July 22, 1995, and that plaintiff was discharged from service on or about November 16, 1995. Defendants claim that plaintiff was discharged for various acts of misconduct. Plaintiff alleges that he was racially mistreated and ultimately discharged on racial grounds.

## DISCUSSION

Defendants argue that this court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies by failing to appeal to the Army Board for Correction of Military Records ("ABCMR"). It is undisputed that plaintiff failed to file an appeal with the ABCMR prior to filing his complaint. Nevertheless, plaintiff asserts that he asked for a full explanation for his discharge in a letter addressed to defendant Kolb, dated March 18, 1996, and this request, plaintiff argues, "can be interpreted as a formal request for a hearing."

The exhaustion doctrine, under which a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself, is strictly applied in military discharge cases. *Guitard v. U.S. Secretary of the Navy*, 967 F.2d 737, 739 (2d Cir.1992); *Phillips v. United States, et al.*, 910 F.Supp. 101, 106 (E.D.N.Y.1996). It is not disputed that administrative appeals from military discharges lie to the ABCMR. The ABCMR has the authority to "correct any [Army] record"

whenever it is "necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). This includes the authority to consider claims based on "constitutional, statutory and/or regulatory violations," 32 C.F.R. § 581.3(c)(5)(v), and the broad equitable power to order backpay and reinstatement of individual service members. 10 U.S.C. § 1552(a) & (c). *See Guitard*, 967 F.2d at 740; *Knehans v. Alexander*, 566 F.2d 312, 314 (D.C.Cir.1977). Since it is undisputed that plaintiff failed to file an appeal with the ABCMR before filing his complaint in this court, he has failed to exhaust his administrative remedies. Plaintiff's request for an explanation from defendant Kolb does not satisfy the exhaustion requirement.

■ There are four circumstances when exhaustion of administrative remedies may not be required: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question. *Guitard*, 967 F.2d at 740. Although plaintiff has not argued that an exception to the exhaustion requirement applies in this case, I will address each in turn.

■ First, the ABCMR offers genuine opportunities for relief. Plaintiff's principal claim is for reinstatement based on constitutional and statutory violations, which the ABCMR has the power to consider. 32 C.F.R. § 581.3(c)(5)(v). Plaintiff's claim for damages does not excuse him from first exhausting his administrative remedies: "a boilerplate claim for damages will not automatically render the administrative remedy inadequate. Where the relief claimed is the only factor that militates against the application of the exhaustion requirement, the complaint should be carefully scrutinized to insure that the claim for relief was not inserted for the sole purpose of avoiding the exhaustion rule." *Plano v. Baker*, 504 F.2d 595, 598 (2d Cir.1974). Here, the ABCMR is competent to award backpay and any benefits due. 10 U.S.C. § 1552(a) & (c); *see Guitard*, 967 F.2d at 740. Plaintiff's incidental claim for money damages does not form the basis of an exception to the exhaustion requirement. *See, e.g., Ayala v. United States*, 624 F.Supp. 259, 262–63 (S.D.N.Y.1985) (finding that plaintiff's claim for damages did not excuse him from first exhausting his administrative remedies where the Board was competent to award back pay and any benefits due).

Second, plaintiff's claim is not of "irreparable injury." Indeed, plaintiff filed his complaint more than two years after the incident giving rise to his injury arose and has not sought preliminary injunctive relief.

■ Third, there is no reason to conclude that plaintiff's administrative appeal would be futile. Pursuant to 10 U.S.C. § 1552(b), plaintiff had three years from the date of his discharge to request a review of his discharge from the ABCMR, or until November 16, 1998. On oral argument, plaintiff's counsel stated that she had filed an appeal to the ABCMR after the filing of this motion. Until the ABCMR acts upon this application, plaintiff's administrative remedies have not been exhausted. *See, e.g., Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994).

■ Fourth, plaintiff alleges a lack of due process, lack of representation and lack of other constitutional safeguards. Here, as in *Guitard*, 967 F.2d at 739, these constitutional claims can be heard by the administrative agency and are not properly treated as giving rise to an exception to the exhaustion requirement. Similarly, in *Ayala*, 624 F.Supp. at 262, the court found plaintiff's claims of racial motivation insufficient to overcome the exhaustion requirement. Accordingly, plaintiff's claims are dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because of plaintiff's failure to exhaust his administrative remedies.

■ Finally, much of the relief sought in this court cannot be awarded here in any event. Plaintiff alleges that defendants discriminated against him on the basis of his race in violation of Title VII, but Title VII does not apply to uniformed members of the armed forces. *Roper v. Department of the Army*, 832 F.2d 247 (2d Cir.1987); *Cedano v. United States Government*, No. 86–CV–2223,

1989 WL 23901 (E.D.N.Y. March 13, 1989). Moreover, this court does not have jurisdiction over plaintiff's constitutional claims against defendants West, Kolb, Driscoll, and Maxwell because enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations. *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). As to plaintiff's claim for money damages against the United States, the Tucker Act, 28 U.S.C. § 1346(a)(2) and § 1491(a)(2), provides a limited waiver of sovereign immunity for servicemen and servicewomen alleging wrongful discharge from the military. *See Ayala*, 624 F.Supp. at 261 (citation omitted). The Act grants jurisdiction to the federal courts to hear money claims against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, while the Tucker Act does confer limited concurrent jurisdiction upon the United States district courts and the Court of Federal Claims, claims in excess of $10,000 are within the exclusive jurisdiction of the Court of Federal Claims. *See Eastern Enterprises v. Apfel*, 524 U.S. 498, ——, 118 S.Ct. 2131, 2144, 141 L.Ed.2d 451 (1998). Here, plaintiff claims damages of $25,000,000, which far exceeds the maximum jurisdictional amount of this court under the Tucker Act.

## CONCLUSION

Defendants' motion for summary judgment is granted and plaintiff's complaint is dismissed for lack of jurisdiction because of plaintiff's failure to exhaust his administrative remedies.

**SO ORDERED.**