Patrick J. CUNNINGHAM, Jr.

v.

James M. LOY, Commandant, United States Coast Guard.

No. 3:98CV1047 (JBA).

United States District Court,
D. Connecticut.

July 16, 1999.

Michael J. Calabro, Flanagan & Hunter, Boston, MA, John H. Grasso, Boatman, Boscarino, Grasso & Twachtman, Glastonbury, CT, for Patrick J. Cunningham, Jr., plaintiff.

Christine L. Sciarrino, U.S. Attorney's Office, New Haven, CT, for U.S. Coast Guard, James M. Loy Commandant, defendant.

### *RULING ON GOVERNMENT'S MOTION TO DISMISS COMPLAINT*

### *[DOC. # 28]*

ARTERTON, District Judge.

Lieutenant Commander Patrick Cunningham, Jr. seeks a writ of mandamus compelling the Commandant to promote him to the rank of Commander, correct his official military record, and preclude the Commandant from discharging him from the Coast Guard for failing to be promoted. The United States Coast Guard Commandant moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

The Commandant contends that this Court lacks subject matter jurisdiction to entertain Cunningham's action due to his failure to exhaust the administrative remedies available within the Coast Guard and/or the lack of finality of the Coast Guard's decision. Cunningham opposes dismissal on the grounds that exhaustion is not a requirement of any statute, regulation, or agency rule, relying on the Supreme Court's decision in *Darby v. Cisneros*, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993) which establishes that plaintiffs cannot be required to exhaust administrative remedies before seeking federal court review under the Administrative Procedures Act, 5 U.S.C. § 701 et seq., ("APA"), absent any statute or agency rule requiring such exhaustion.

### Introduction

Lieutenant Commander Cunningham contends that the Commandant has failed to promote him to the rank of Commander in violation of a Decision and Order of the Department of Transportation Board of Corrections of Military Records, also known as the Board of Correction of Military Records of the Coast Guard, ("CGBCMR"), approved by the Deputy General Counsel of the Department of Transportation on November 8, 1995 ("CGBCMR Order"). The CGBCMR provided that:

> The applicant shall be given the opportunity to be considered by the next two CDR Selection Boards. If selected by the first such Board, he shall be given the date of rank he would have received had he been selected in 1993, and shall be given applicable back pay and allowances.

Am. Compl. at ¶ 17.

In short, Cunningham contends that once he was placed on the selected list for the Promotion Year 1997 in August 1996, and confirmed by the Senate in January 31, 1997, he was entitled to the retroactive date of rank as if he had been selected in 1993, and therefore was entitled to be promoted when the first vacancy occurred immediately after February 1, 1997. Am. Compl. at ¶ 23, 28. According to Cunningham, the CGBCMR Order did not require any discretionary acts by the Commandant but "required the ministerial act of promoting the plaintiff to the rank of Commander." Am. Compl. at ¶ 41, 42.

The Amended Complaint seeks the extraordinary writ of mandamus "to compel his promotion and injunctive relief to prevent further action by the USCG to delay his promotion, to permanently remove his name from the Commander Promotion List, or to terminate his active duty status, prior to his promotion, in violation of federal law, its own regulations, and the Decision and Order of the CGBCMR" and

as a result "correcting his official Military Record." Am. Compl. at 13. As pled, Cunningham requests four distinct types of relief, namely that the Court: 1) restore his name to the Promotion Board; 2) compel his promotion to Commander without further delay; 3) prohibit the Commandant from discharging him from the Coast Guard; and 4) correct his official military record in conformance with the Order. The Court's jurisdiction in an action requesting mandamus is discretionary, *Franchi v. Manbeck*, 972 F.2d 1283 (1992), and is available only where the defendant owes the plaintiff a clear, ministerial and nondiscretionary legal duty.

On June 26, 1998, this Court denied Cunningham's motion for preliminary injunctive relief noting that the parties disputed whether Cunningham had exhausted his administrative remedies before filing this action. *Cunningham v. Loy*, 24 F.Supp.2d 236 (D.Conn.1998). Subsequently, Cunningham filed two separate applications for correction of his military record which were docketed by the CGBCMR on July 17, 1998 and September 17, 1998 respectively. *See* Application Doc. No.1998–094 & 1998–116 (Gov. Reply at Ex. 1 and 2). To date, the CGBCMR has not issued any decision on either of Cunningham's pending applications.

**Discussion**

■ The Government contends that the Court lacks subject matter jurisdiction over Cunningham's claim given his failure to exhaust his available administrative remedies under the military scheme. It is well established that "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *Guitard v. U.S. Secre-*

*tary of the Navy*, 967 F.2d 737, 739 (2d Cir.1992). "The doctrine is premised on the notion that it is better to allow an agency to employ its expertise first in developing facts. The exhaustion requirement protects the integrity of the administrative process and prevent parties from avoiding agency procedures." *Golden Hill Paugussett Tribe v. Weicker*, 39 F.3d 51 (2d Cir.1994). This policy is particularly important when a court considers military matters. *Schlesinger v. Councilman*, 420 U.S. 738, 757, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

As evidenced by the two administrative appeals he has filed subsequent to commencing this action on which final decision by the CGBCMR is still pending,[1] Cunningham did not exhaust his administrative remedies of appeal to the Board of Correction of Military Records as provided under 10 U.S.C. § 1552 before commencing this action.

■ In opposition, Cunningham claims that exhaustion of administrative remedies is not required under the reasoning of *Darby v. Cisneros*, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), precluding imposition of additional exhaustion requirements in actions seeking review of agency action under the APA. While Cunningham correctly notes that several courts have extended the rationale of *Darby v. Cisneros* to actions seeking review of military personnel actions under the APA, these APA cases are distinguishable from this action only seeking a writ of mandamus. *See St. Clair v. Secretary of Navy*, 970 F.Supp. 645 (D.Ill.1997) (denying Government's motion to dismiss military officer's claim under APA for failure to exhaust administrative remedies and rejecting a military exception to *Dar-*

---

1. Under 14 U.S.C. § 425, "[T]en months after a complete application for correction of military records is received by the Board of Correction Records of the Coast Guard, administrative remedies are deemed to have been exhausted, and—. . . (2) if the Board has not rendered a recommended decision, agency action is deemed to have been unreasonably delayed or withheld and the applicant is entitled to—(A) an order under Section 706(1) of title 5, directing final action be taken within 30 days from the date the order is entered; and (B) from amounts appropriated to the department in which the Coast Guard is operating, the costs of obtaining the order, including a reasonable attorney fee."

*by* absent any express statute or regulation requiring military personnel to file appeal with the Board of Corrections for Naval Records); *Perez v. United States,* 850 F.Supp. 1354 (N.D.Ill.1994) (same). *But see Saad v. Dalton,* 846 F.Supp. 889 (S.D.Cal.1994) (distinguishing *Darby* on the grounds that review of military personnel actions represents a unique context warranting exhaustion). The limits imposed by *Darby v. Cisneros* regarding administrative exhaustion under the APA are not applicable since *Darby* specifically made no alteration in the exhaustion doctrine in cases not governed by the APA.

> Of course, the exhaustion doctrine continues to apply as a matter of judicial discretion in cases not governed by the APA.

*Darby,* 509 U.S. at 153, 113 S.Ct. 2539 (1993).

█ Since Cunningham does not seek review under the APA, the exhaustion doctrine recognized by the Second Circuit obtains to minimize judicial interference with military discipline by precluding judicial intervention in administrative military proceedings until the party has first sought available relief within the agency itself. *See Jones v. New York State Division of Military and Naval Affairs,* 166 F.3d 45 (2d Cir.1999) (state National Guard member must exhaust administrative remedies before seeking judicial equitable relief under § 1983 for failure to follow its own regulations); *Guitard v. U.S. Secretary of the Navy,* 967 F.2d 737 (2d Cir.1992) (reversing district court's granting of preliminary injunction prohibiting Secretary of Navy from discharging naval officer where officer had not yet exhausted his remedies before the Corrections Board and the Discharge Review Board).

█ While the exhaustion rule applies to most claims against the military, it is not required in cases of inadequate administrative remedy, irreparable injury, futility or certain substantial constitutional questions. *See Guitard v. U.S. Secretary of the Navy,* 967 F.2d 737, 741. Plaintiff makes no claim that the CGBCMR cannot provide meaningful relief to him and thus there is no showing that plaintiff's pending CGBCMR appeals will be futile or that Cunningham will suffer irreparable harm even if the CGBCMR denies him the relief sought. Moreover, plaintiff's claim does not implicate any constitutional question. Thus, Cunningham may not circumvent by this action the internal CGBCMR process available to review such military personnel actions. By requiring Cunningham to first exhaust his remedies before the CGBCMR, the Commandant will be afforded "an opportunity to correct its own mistakes ... before it is haled into federal court." *McCarthy v. Madigan,* 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).

By dismissing this action without prejudice, Cunningham will first exhaust his administrative appeals with the CGBCMR, and thereafter seek judicial review of that final decision, if appropriate, recognizing that the CGBCMR may "obviate[ ] any need for any judicial interference in military affairs," *Jones v. New York State Division of Military and Naval Affairs,* 166 F.3d 45 (2d Cir.1999), or at the very least, will clarify the factual record and thereby facilitate subsequent judicial review. *See e.g, Janniere v. United States Army,* 34 F.Supp.2d 850 (E.D.N.Y.1999)(dismissing Army cadet's suit challenging his discharge for failure to exhaust by filing an appeal to the Army Board for Correction of Military Records); *Molis v. Keenan,* 1996 WL 31316 (N.D.N.Y.1996)(dismissing declaratory judgment action brought by former ROTC cadet for failing to exhaust available administrative remedies).

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss this action for lack of subject matter, [doc. # 28], is GRANTED and plaintiff's case is dismissed without prejudice.

The Clerk is directed to close this case.

IT IS SO ORDERED.