**Harold W. HAMBLET, Jr. the Plaintiff**

**v.**

**Les BROWNLEE, et al. the Defendants**

**No. 04 CIV.0436(SCR).**

United States District Court,
S.D. New York.

March 18, 2004.

Jill A. Jacobson, Cullen & Jacobson, Norwalk, CT, for Plaintiff.

Richard R. Rosberger, U.S. Attorneys Office, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. *INTRODUCTION:*

A. PROCEDURAL HISTORY:

Harold W. Hamblet, Jr. (the "Plaintiff") commenced the instant action on or about

January 20, 2004 with the filing of a Summons and Complaint (the "Complaint") against Les Brownlee, Acting Secretary of the Army (the "Secretary"), William J. Lennox, the Superintendent of the United States Military Academy (the "Superintendent"), and Leo A. Brooks, the Commandant of Cadets at the United States Military Academy (the "Commandant").[1] On or about February 27, 2004, the Plaintiff filed a Motion for Preliminary Injunction (the "Plaintiff's Motion"). The Plaintiff's Motion seeks a court order directing the Defendants to (a) reinstate the Plaintiff to his original graduation class at the United States Military Academy ("West Point") and (b) to make every effort to enable the Plaintiff to complete the requirements for his graduation by December 2005. The Defendants have opposed the Plaintiff's Motion. Additionally, on or about February 27, 2004, the Defendants filed a Motion to Dismiss the Complaint (the "Defendants' Motion")[2] for lack of subject matter jurisdiction.[3] The Plaintiff has opposed the Defendants' Motion. This Court held an oral argument on both the Plaintiff's Motion and the Defendants' Motion on March 8, 2004.

### B. FACTUAL HISTORY:

The Plaintiff completed his sophomore year at West Point in May 2003. That summer he was sent on assignment to an Army base in Schweinfurt, Germany for Cadet Troop Leadership Training. While on that assignment, an incident occurred at the Bradley Inn, the Bachelors' Quarters, where the Plaintiff was living. The incident involved Magaly Riley ("Ms. Riley"), a housekeeping maid at the Bradley Inn, who alleged that the Plaintiff grabbed her by the neck and kissed her on the cheek without her consent. As a result of this incident, the Plaintiff was ordered to return to the United States prior to the scheduled end of his assignment.

On August 4, 2003, Robert A. Powell ("Mr. Powell") was appointed to investigate the alleged misconduct by the Plaintiff and to submit a findings report and a punishment recommendation. The following day Mr. Powell notified the Plaintiff in writing that he was investigating charges of Sexual Misconduct/Indecent Assault (Article 134, Uniform Code of Military Justice) and Conduct Unbecoming a Gentleman (Army Regulation 210–26, ¶ 6–9). The Plaintiff was instructed to appear before Mr. Powell on August 14, 2003 to discuss the allegations. He was also told to submit a witness list and any documents in his favor at least two days prior to the appearance. The Plaintiff consulted with a military defense attorney prior to the conference.

The conference took place on August 19 and 22, 2003. During the conference, Mr. Powell heard testimony from Ms. Riley (albeit by telephone conference), the Plaintiff and six other witnesses. Additionally, numerous exhibits were submitted, includ-

---

1. The Plaintiff also filed an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order ("Show Cause Order") on January 20, 2004. The Show Cause Order was not accompanied by any memorandum of law. On February 4, 2004, this Court held a pretrial conference, at which time a briefing schedule was set for both parties.

2. The Defendants filed one document, entitled, "Memorandum of Law in Opposition to Motion for Preliminary Injunction and in Support of Cross–Motion to Dismiss Complaint," to make their arguments for dismissal, as well as their arguments in opposition to the Plaintiff's motion for preliminary injunction.

3. Point III of the Defendants' Motion also includes an argument for dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); however this Court need not reach that issue.

ing sixteen exhibits offered by the Plaintiff. Subsequent to the conference, Mr. Powell found that the original charges dealing with sexual assault were not substantiated, but did find that the Plaintiff had unlawfully touched Ms. Riley with his right hand and unlawfully kissed her on the cheek, which acts constituted Assault (Article 128, Uniform Code of Military Justice) and Conduct Unbecoming a Gentleman (Army Regulation 210–26, ¶ 6–9). As a result of such finding, Mr. Powell recommended that the Plaintiff be turned back to the next lower graduation class and receive other special training.

Staff Judge Advocate Colonel Lawrence J. Morris reviewed the investigative hearing proceedings and Mr. Powell's findings. He concluded that the conference and other proceedings with respect to this incident were legally sufficient. Before the imposition of any punishment, the Plaintiff also met with the Commandant. On September 29, 2003, the Commandant informed the Plaintiff that he intended to put him on suspended separation until graduation in May 2006, with a return to West Point in the summer of 2004. This position was confirmed by written notice to the Plaintiff on October 2, 2003. The Plaintiff asked for reconsideration of this decision by the Superintendent, which request was denied. On or about November 6, 2003, the Plaintiff was suspended without pay from West Point and ordered to leave until August 4, 2004.

On January 20, 2004, the Plaintiff commenced this lawsuit. The Plaintiff's counsel acknowledged in the motion papers and at oral argument that the Plaintiff has not exhausted his administrative remedies, including without limitation bringing an appeal to the Army Board for the Correction of Military Records ("ABCMR").

## II. ANALYSIS:

As set forth above, the Defendants' Motion challenges this Court's subject matter jurisdiction to hear this case. If a District Court lacks subject matter jurisdiction, the lawsuit must be dismissed. Accordingly, in the case at bar, this Court must first address the Defendants' Motion because if this Court lacks subject matter jurisdiction it need not—and cannot properly—rule on the Plaintiff's Motion.

### A. MOTION TO DISMISS:

The Defendants' Motion contains two arguments against the existence of subject matter jurisdiction. First, the Defendants submit that the Plaintiff has failed to exhaust his administrative remedies prior to bringing his lawsuit in federal court. Second, the Defendants contend that the Plaintiff has failed to affirmatively plead jurisdiction.

### 1. Standard of Review:

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts, which would entitle

him or her to relief. *See Securities Investor Protection Corp. v. BDO Seidman, LLP,* 222 F.3d 63, 68 (2d Cir.2000), certified question accepted by 95 N.Y.2d 831, 712 N.Y.S.2d 910, 734 N.E.2d 1211 (2000).

### 2. *Exhaustion of Administrative Remedies:*

The Defendants argue that judicial review by this Court is inappropriate in this case because the Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. The Plaintiff counters by arguing that it is not universally required for a Plaintiff to exhaust administrative remedies prior to seeking judicial review. The focus of the dispute between the parties relates to how the Second Circuit's decision in *Guitard v. Secretary of Navy,* 967 F.2d 737 (2d Cir.1992) should be interpreted by this Court in light of the Supreme Court's decision in *Darby v. Cisneros,* 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993). The Court in *Guitard* held, in the military context, that under the exhaustion rule, a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself. *Guitard* at 740 (citing *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938)). The Plaintiff admits that he knowingly did not exhaust his administrative remedies. Therefore, this Court finds that the Defendants' Motion would have been granted pre-*Darby.*

However, the Plaintiff argues that the Supreme Court, pursuant to its decision in *Darby,* abandoned the requirement that plaintiffs exhaust administrative remedies prior to bringing suit in federal court. The Second Circuit has not ruled on this specific issue since the *Darby* decision and the District Courts within this and other jurisdictions have taken different approaches to this question and two competing lines of case law have emerged. Not surprisingly, the Plaintiff asks this Court to follow a line of cases that support its position [4] and the Defendants have asked this Court to reject that line and follow an opposite line of case law [5], which supports their argument.

The Plaintiff claims that the exhaustion of administrative remedies is not required under the holding of *Darby v. Cisneros,* 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), which involved the interpretation of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 551, in the context of a Department of Housing and Urban Development ("HUD") administrative ruling. In *Darby,* the Supreme Court precluded the imposition of additional exhaustion requirements when the Plaintiff sought review of a HUD ruling under the APA. The Plaintiff accurately notes that several courts, within and beyond this jurisdiction, have extended the *Darby* holding to cases involving military personnel actions. *See e.g. Crane v. Secretary of the Army,* 92 F.Supp.2d 155 (W.D.N.Y.2000); *St. Clair v. Secretary of Navy,* 970 F.Supp. 645 (D.Ill.1997) (denying Government's motion to dismiss military officer's claim under APA for failure to exhaust administrative remedies and rejecting a military exception to *Darby* absent any express

---

**4.** *See e.g. Crane v. Secretary of the Army,* 92 F.Supp.2d 155 (W.D.N.Y.2000); *St. Clair v. Secretary of Navy,* 970 F.Supp. 645 (D.Ill. 1997); *Perez v. United States,* 850 F.Supp. 1354 (N.D.Ill.1994).

**5.** *See e.g. Cunningham v. Loy,* 76 F.Supp.2d 218 (D.Conn.1999); *Janniere v. United States,* 34 F.Supp.2d 850 (E.D.N.Y.1999); *Phillips v. United States,* 910 F.Supp. 101 (E.D.N.Y. 1996); *Molis v. Keenan,* 1996 WL 31316 (N.D.N.Y. January 23, 1996); *Saad v. Dalton,* 846 F.Supp. 889 (S.D.Cal.1994).

statute or regulation requiring military personnel to file appeal with the Board of Corrections for Naval Records); *Perez v. United States,* 850 F.Supp. 1354 (N.D.Ill. 1994) (same).

This Court has reviewed the thoughtful decision by the Honorable John T. Curtin of the Western District of New York in *Crane v. Secretary of the Army,* 92 F.Supp.2d 155 (W.D.N.Y.2000), which is cited by the Plaintiff; however that decision is distinguishable from the case at bar. In *Crane,* the defendants dismissed the plaintiff from the United States Army and the plaintiff sued alleging that his dismissal violated the APA and his constitutional right to due process. The defendants moved for summary judgment and the District Court denied that motion, holding that the plaintiff was not required to exhaust his administrative remedies before filing a lawsuit in federal court on the grounds that his dismissal violated the APA. The current case is distinguishable from *Crane* because the Plaintiff has not brought the action under the APA. The Supreme Court in *Darby* limited its holding to claims involving the APA, explicitly stating that "the exhaustion doctrine *continues to apply as a matter of judicial discretion in cases not governed by the APA.*" *Darby* at 153, 113 S.Ct. 2539 (emphasis added). Accordingly, this Court must exercise its discretion with respect to the application of the exhaustion doctrine set forth by the Second Circuit.

In support of their argument that the holding of *Guitard* is undiminished in the wake of *Darby,* the Defendants rely heavily on two decisions from the Eastern District of New York, *Janniere v. United States,* 34 F.Supp.2d 850 (E.D.N.Y.1999) and *Phillips v. United States,* 910 F.Supp. 101 (E.D.N.Y.1996). In *Janniere* and

*Phillips,* which were decided post-*Darby,* the respective District Courts found that the failure by a plaintiff to exhaust his or her administrative remedies was fatal to the claims.[6] In *Janniere,* the plaintiff, a former cadet candidate at the United States Military Academy Preparatory School, sued the United States Army and other members of the armed services, alleging that his discharge was based on his race in violation of Title VII of the Civil Rights Act of 1964. As in the case at bar, the plaintiff sought reinstatement, damages, and other remedies, including the correction of his military records. The *Janniere* Court granted the defendants' motion to dismiss on the ground that the plaintiff had failed to exhaust his administrative remedies and had failed to establish an applicable exception to the exhaustion requirement. *Janniere* at 852–53. Further, the District Court stated that before bringing the action in federal court, the plaintiff should have brought his claim before the ABCMR, which had the authority to order reinstatement and the plaintiff's other claims. *Id.*

In *Phillips,* the plaintiff, like the Plaintiff in the case at bar, was a cadet at West Point and was suspended, following an investigation, for alleged honor code violations. The plaintiff in *Phillips* argued that the defendants violated the APA and denied him due process. The *Phillips* Court denied the plaintiff's motion on the grounds that under the controlling case law, with respect to military disciplinary and honor code proceedings, a plaintiff must exhaust the administrative process before bringing an action in federal court. *Phillips* at 106–07. The Court found that the plaintiff had attempted to "short cut" the normal military administrative process and filed suit in federal court before ap-

---

**6.** The *Crane* Court correctly points out that neither *Janniere* nor *Phillips* specifically ad- dresses the impact of *Darby* on the Second Circuit's decision in *Guitard.*

pealing to the ABCMR; therefore the Court declined to intervene. *Id.*

In addition to the *Crane, Janniere* and *Phillips* decisions discussed above, this Court finds the holding of *Cunningham v. Loy,* 76 F.Supp.2d 218 (D.Conn.1999) instructive on this issue. In that case, which was also decided in the post-*Darby* era, the District Court found that the "limits imposed by *Darby v. Cisneros* regarding administrative exhaustion under the APA [were] not applicable since *Darby* specifically made no alteration in the exhaustion doctrine in cases not governed by the APA." *Cunningham* at 221. More particularly, in *Darby* the Supreme Court stated: "Of course, the exhaustion doctrine continues to apply as a matter of judicial discretion in cases not governed by the APA." *Darby* at 153, 113 S.Ct. 2539. Therefore, the *Cunningham* Court concluded that because the Plaintiff did not seek review under the APA, the exhaustion doctrine recognized by the Second Circuit applied, which doctrine seeks to minimize "judicial interference with military discipline by precluding judicial interference in administrative military proceedings until the party has first sought available relief within the agency itself." *Cunningham* at 221; *see also Jones v. New York State Division of Military and Naval Affairs,* 166 F.3d 45 (2d Cir.1999) (state National Guard member must exhaust administrative remedies before seeking judicial equitable relief under § 1983 for failure follow its own regulations) and *Guitard.*

■ Based upon a review of the applicable case law, this Court finds that the Second Circuit's holding in *Guitard* is applicable to the case at bar. The Plaintiff should have exhausted his administrative remedies prior to bringing this action. The Plaintiff, in both his motion papers and at oral argument, acknowledged that he did not exhaust his administrative rem-

edies. Therefore, unless an applicable exception to the exhaustion rule applies, the Defendants' Motion should be granted.

### 3. *Exception to the Exhaustion Rule:*

The Plaintiff has not advanced any argument that an exception to the exhaustion rule should apply. All of the Plaintiff's arguments on this issue are directed to the argument that exhaustion was not required. As set forth above, this Court does not agree with that argument. Despite the Plaintiff's failure to articulate an "exception argument," this Court will analyze the exceptions and their applicability, if any, to the current case.

The Second Circuit has recognized four exceptions to the exhaustion rule, when the exhaustion of administrative remedies may not be required: (1) when the available remedies provide no "genuine opportunity for adequate relief"; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be "futile"; and (4) in certain instances a plaintiff has raised a "substantial constitutional question." *Guitard* at 741 (citing *Von Hoffburg,* 615 F.2d at 638).

### a. *Genuine Opportunity for Relief:*

Although the Plaintiff does not make this particular argument, one potential ground for an exception to the exhaustion rule is that the available remedies provide no genuine opportunities for adequate relief. It is well established that the ABCMR has the authority to "correct any [Army] record" in situations where it is "necessary to correct an error or remove an injustice." *Janniere* at 852–853 (citing 10 U.S.C. § 1552(a)); *see also Guitard* at 740. ABCMR's responsibilities include the authority to consider claims based on "constitutional, statutory and/or regulatory violations," and the broad equitable power to order backpay and reinstatement of indi-

vidual service members. *Janniere* at 853 (citing 32 C.F.R. § 581.3(c)(5)(v) and 10 U.S.C. § 1552(a) & (c)); *see also Guitard* at 740. Thus, if a genuine opportunity for adequate relief exists, as is the case pursuant to the ABCMR, then pursuit of the claim through administrative remedies "obviates any need for any judicial interference in military affairs", *see e.g. Jones v. New York State Division of Military and Naval Affairs,* 166 F.3d 45 (2d Cir. 1999), or will clarify the factual record and facilitate subsequent judicial review. *Janniere* at 853.

The Plaintiff's Complaint seeks the following forms of relief: (1) declaration that the actions of the Defendants were unconstitutional; (2) issuance of preliminary and permanent injunctions restraining the Defendants from refusing to reinstate the Plaintiff to his class at West Point; (3) canceling the award of demerits to the Plaintiff; (4) limit the academic restrictions on Plaintiff; (5) restoration of the Plaintiff's cadet rank and ordinary duties; (6) access to books, classes and other materials to complete his class work; (7) a written apology to the Plaintiff from the Superintendent, the Commandant and Mr. Powell; and (8) payment of the Plaintiff's costs and expenses, including reasonable attorney's fees. (Complaint, Page 9–10). The Plaintiff has not disputed that ABCMR could provide all of the relief sought in the Complaint. To the extent ABCMR found the Plaintiff's allegations to be true, it is capable and could elect to award all of the above relief. A "genuine opportunity for adequate relief" exists through an appeal to ABCMR and this exception to the exhaustion rule does not apply.

b. *Irreparable Injury:*

A second ground for an exception to the exhaustion rule exists when the injury at issue is an "irreparable injury." The argument made by the Plaintiff, in the context of the motion for preliminary injunction, is that there will be irreparable injury if this Court does not act. Specifically, the Plaintiff argues that he will suffer (1) damage to his reputation, (2) damage to his career, and (3) a smaller margin for error to graduate on time.[7] However, under the established case law, the Plaintiff's allegations, even if proven true, would not support a claim of irreparable injury. In *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), the Supreme Court held that the injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable injury necessary to obtain a preliminary injunction. *Id.* at 89–92, 94 S.Ct. 937. The Supreme Court's holding in Sampson has been applied to cases involving military discharge. *See e.g. Guitard* at 742; *Guerra v. Scruggs,* 942 F.2d 270, 274–75 (4th Cir.1991); *Hartikka v. United States,* 754 F.2d 1516, 1518 (9th Cir.1985); *Chilcott v. Orr,* 747 F.2d 29, 34 (1st Cir.1984).

This Court appreciates the nature and importance of the harm the Plaintiff has alleged; however, a penalty of military discharge is unquestionably more severe than the suspension imposed on the Plaintiff in the case at bar. As set forth above, the Supreme Court and the Second Circuit both have held that the "irreparable injury" element necessary for a preliminary injunction is not satisfied in the context of

---

**7.** West Point regulations require a cadet to graduate by the end of June in the year he or she turns 26. In the Plaintiff's case, he claims that his margin of error goes from six months to one month, if he is scheduled to graduate in May of 2006, rather than December of 2005.

a **military discharge**. It would be inconsistent for this Court to find such element satisfied when suspension, an indisputably lesser penalty, has been levied.[8] The irreparable injury exception to the exhaustion rule is not applicable.

c. *Futility:*

A third possible exception to exhaustion exists if a party can show that an administrative appeal would be futile. The Plaintiff has not advanced any such argument. Further, pursuant to 32 C.F.R. § 581.3(d)(2) and 10 U.S.C. § 1552(b), a plaintiff has three years from the date of the disciplinary action to request a review of that action by the ABCMR. Obviously, that date has not passed and the Plaintiff may still appeal to ABCMR. As indicated above, ABCMR could grant all the relief sought by the Plaintiff. To the extent such appeal is unsuccessful, the Plaintiff could then re-file in federal court because at such time he would have exhausted his administrative remedies as required by law. The Plaintiff does not have an exception to the exhaustion rule based on futility.

d. *Substantial Constitutional Questions:*

Although the Plaintiff has not disputed that administrative appeals from military disciplinary actions are within the province of the ABCMR, this Court addresses the issue anyway. The Second Circuit's decision in *Guitard* is instructive on this issue.[9] In that case, the Court specifically found that claims of "constitutional, statutory and/or regulatory violations" are within the purview of the Corrections Board.

*Guitard* at 741; *Janniere* at 852–853 (citing 10 U.S.C. § 1552(a)); *see also* 32 C.F.R. § 723.3(e)(5). Therefore, in that case the Court held that an exception to exhaustion did not exist because there was a possibility of obtaining full relief from the Corrections Board. *Guitard* at 741; *see also Knehans v. Alexander*, 566 F.2d 312, 315 (D.C.Cir.1977), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978). The Supreme Court has found that the exhaustion rule indicates a preference of the judiciary to allow governmental agencies to "develop the facts, to apply the law in which they are particularly expert, and to correct their own errors." *Schlesinger v. Councilman*, 420 U.S. 738, 756–57, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). In *Schlesinger*, the Court concluded that because Congress had provided the military with its own legal code "it must be assumed that the military court system will vindicate servicemen's constitutional rights." *Id.* at 758, 95 S.Ct. 1300.

In the case at bar, the Plaintiff does not dispute that he failed to file an appeal with the ABCMR before filing his complaint in this Court. Additionally, the "constitutional question" at issue is whether or not the Defendants complied the Army's administrative procedures and regulations in connection with the investigation, hearing and punishment of the Plaintiff. This determination can, and should, be made by the military administrators familiar with such procedures and regulations. By requiring the Plaintiff to exhaust his administrative remedies before the ABCMR, the Defendants will be given the opportunity to correct their mistakes, if any, before jurisdic-

---

8. As set forth below, this Court does not need to rule on the Plaintiff's Motion for Preliminary Injunction; however, if such ruling were required, the Plaintiff's Motion would be denied because the requisite 'irreparable harm' element has not bee satisfied.

9. This Court is aware that *Guitard* involved a claim before the Navy equivalent of ABCMR; however this distinction is irrelevant to the issue.

tion is properly obtained by a federal court. *See McCarthy v. Madigan,* 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). If ABCMR were to determine that the regulations were properly followed, the Plaintiff could file a lawsuit in federal court to challenge the due process, or lack thereof, which he alleges to have been accorded because at that point his administrative remedies would have been exhausted and there would be a clearer record of the issues before the federal court. The "substantial constitutional question" exception is not applicable to this case.

Accordingly, this Court finds that the Plaintiff should have exhausted his administrative remedies prior to bringing this lawsuit and the Plaintiff admittedly failed to do so. Further, this Court finds that no exception to the exhaustion rule is applicable in this case. Therefore, pursuant to Fed.R.Civ.P. 12(b)(1), this Court lacks subject matter jurisdiction over the claims contained in the Complaint and the Defendants' Motion to Dismiss is granted.[10] While this Court has granted the Defendants' Motion, the Plaintiff's action is dismissed without prejudice.

### B. PRELIMINARY INJUNCTION:

Having found that this Court lacks subject matter jurisdiction and that the Defendants' Motion should be granted, this Court need not address the Plaintiff's Motion for a preliminary injunction. However, as noted in Section II(A)(3)(b) above, this Court finds that the Plaintiff's Complaint does not state a claim, which would constitute "irreparable injury" under Second Circuit case law. Accordingly, even if this Court had subject matter jurisdiction, which it does not, this requisite element

for a preliminary injunction would not be satisfied and the Plaintiff's Motion for preliminary injunction would have to be denied.

### III. *CONCLUSION:*

For all of the foregoing reasons, the Defendant's Motion to Dismiss this action for lack of subject matter is granted and the Plaintiff's case is dismissed without prejudice.

It is so ordered.

---

10. Having found that the Plaintiff has not established subject matter jurisdiction, this Court does not need to address the Defendants' second contention—that the Plaintiff has failed to affirmatively plead jurisdiction.