William S. GABRYLUK, Plaintiff–Appellant,

v.

U.S. ARMY CHIEF, Office of Promotions, Reserve Components, Doyle Wilson (or Successor), Chief, Special Actions Section, Reserve Components, Defendants–Appellees.

No. 08–2791–cv.

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

William S. Gabryluk, pro se, Saratoga Springs, NY, for Appellant.

Major Joshua M. Toman, U.S. Army Litigation Division, Arlington, VA, (Andrew T. Baxter, Acting United States At-

torney for the Northern District of New York, Paula Ryan Conan, Assistant United States Attorney, Syracuse, NY, on the brief), for Appellee.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

*Pro se* appellant William S. Gabryluk, a white male, appeals the dismissal of his claims under Title VII, 42 U.S.C. § 2000e–16, and the Fifth Amendment, for employment discrimination based on his race and gender. We review *de novo* the dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). In doing so, we assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision.

Gabryluk submits that he is entitled to sue the Army defendants under Title VII. *See* 42 U.S.C. § 2000e–16. It is well-settled, however, that Title VII applies only to civilian employees and does not extend to uniformed members of the armed forces. *See Roper v. Dep't of Army*, 832 F.2d 247, 248 (2d Cir.1987) ("[W]e refuse to extend a judicial remedy for alleged discrimination in civilian employment to the dissimilar employment context of the military, especially given the need for deference to the military in matters involving hierarchy and structure of command."); *accord Gonzalez v. Dep't of Army*, 718 F.2d 926, 928–29 (9th Cir.1983); *Taylor v. Jones*, 653 F.2d 1193, 1200 (8th Cir.1981). Accordingly, the district court

properly dismissed Gabryluk's Title VII claim.

█ Insofar as Gabryluk sued the United States under the Fifth Amendment for alleged due process and equal protection violations, his claims were properly dismissed as time-barred because they accrued in 1993 and 1994, and Gabryluk did not file his complaint until 2007, well past the six-year statute of limitations established by 28 U.S.C. § 2401(a). *See Bertin v. United States,* 478 F.3d 489, 492–93 (2d Cir.2007); *see also ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151, 155 (2d Cir. 2003) (permitting affirmance on any ground appearing in the record).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.